MEMORANDUM **
Nida Azziz Yousif, a native and citizen of Iraq, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing her appeal from an immigration judge’s (“IJ”) decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, Lopez v. Ashcroft, 366 F.3d 799, 802 (9th Cir.2004), and we grant the petition for review in part, and dismiss in part.
The BIA assumed arguendo that Yousif, a Chaldean Christian, established past persecution. When the petitioner has established past persecution, our case law requires that the agency provide an “individualized analysis of how changed conditions will affect the specific petitioner’s situation,” Lopez, 366 F.3d at 805 (citation omitted), and “[^Information about general changes in the country is not sufficient.” Rios v. Ashcroft, 287 F.3d 895, 901 (9th Cir.2002) (internal citation and quotations omitted). In this case, the government did not submit evidence that specifically discussed the effects of the American invasion on the persecution of Chaldean Christians, and the record did not provide the agency with evidence indicating that any changes in Iraq would eliminate Yousifs fear of future persecution as a Chaldean Christian. See Hanna v. Keisler, 506 F.3d 933, *100 938-40 (9th Cir.2007); see also Mousa v. Mukasey, 580 F.3d 1025, 1030 (9th Cir.2008). Therefore, substantial evidence does not support the BIA’s finding that changed circumstances rebutted the presumption of a well-founded fear of future persecution, see Hanna, 506 F.3d at 938, or the BIA’s denial of withholding of removal, see Baballah v. Ashcroft, 367 F.3d 1067, 1079 (9th Cir.2004) (establishing past persecution raises a presumption of eligibility for withholding of removal); see also Hanna, 506 F.3d at 940.
Substantial evidence also does not support the agency’s denial of CAT protection, because the IJ failed to consider all of the relevant evidence, including the country reports, in assessing whether it is more likely than not that Yousif will be tortured as a Chaldean Christian if removed to Iraq. See Kamalthas v. INS, 251 F.3d 1279, 1282-84 (9th Cir.2001); see also 8 C.F.R. § 1208.16(c)(3) (“In assessing whether it is more likely than not that an applicant would be tortured in the proposed country of removal, all evidence relevant to the possibility of future torture shall be considered”).
We lack jurisdiction to consider Yousifs contention that the BIA erred in not addressing her humanitarian asylum claim because she failed to raise this issue before the BIA. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004).
We also lack jurisdiction to consider Yousifs contention that the BIA violated her due process rights by not allowing her the opportunity to supplement the record with evidence of current conditions in Iraq because she did not raise this claim before the BIA. See id.
Accordingly, we grant the petition for review as to Yousifs asylum and withholding claims, and remand this case to the BIA to determine whether Yousif has established past persecution and is eligible for relief. See Hanna, 506 F.3d at 938; see also INS v. Ventura, 537 U.S. 12, 16-18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). We also grant the petition for review as to Yousifs CAT claim, and remand to the BIA to consider whether, in light of the country conditions, Yousif is eligible for CAT protection. See id.
PETITION FOR REVIEW GRANTED in part; DISMISSED in part; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.